UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
ANTHONY R. JONES,

               Plaintiff,

  -against-                     **MEMORANDUM AND ORDER**
                                      1:16-cv-01149(FB)(RML)
NEW YORK CITY DEPARTMENT OF
EDUCATION, BERNARD GASSAWAY,
individually and in his official capacity,
JOHN DOES 1-10, and XYZ CORP. 1-10,

               Defendants.
---------------------------------------------------x

*Appearances*:
| For the Plaintiff | For the Defendant |
|---|---|
| RUDY ARTIN DERMESROPIAN | CHRISTOPHER JOHN YEE COYNE |
| Rudy A. Dermesropian, LLC | SCOTT CRAIG SILVERMAN |
| 45 Broadway, Suite 1420 | New York City Law Department |
| New York, NY 10006 | 100 Church Street |
|  | New York, NY 10007 |

**BLOCK, Senior District Judge:**

      Plaintiff Anthony Jones brings claims against defendants New York City Department of Education ("DOE"), Bernard Gassaway, and unidentified defendants, alleging age discrimination, retaliation, and hostile work environment under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*, the New York State Human Rights Law ("NYSHRL"), Executive Law § 296 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), Administrative Code § 8-101 *et seq.*

Defendants move to dismiss the operative First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants' motion is granted in part and denied in part.

I

1.  **Plaintiff's Employment at the Boys and Girls High School**

The alleged facts are as follows: plaintiff is a 63-year-old man who was employed as a track coach and math teacher with the DOE at the Boys and Girls High School in Brooklyn. He worked as a volunteer Assistant Track and Field Coach from 1973 until 2002, when he was appointed to Head Track Coach for the Freshman and Sophomore Boys teams and began working as a per diem substitute math teacher. He was appointed as a full time math teacher in 2005 and Head Boys Track Coach in 2012. The team won a national title under his guidance in 2014.

His employment status was disputed between 2008 and 2014, and he brought five successful grievances against the school arguing he was "coded" improperly—that is, the school was treating him as a substitute teacher even though he was full-time, affecting his pay, benefits, and ability to secure union representation. FAC ¶ 42.

Plaintiff had a poor relationship with Bernard Gassaway, the school's principal, whom he accused of discriminating against older employees and instigating his coding problems. He also alleges that Gassaway refused to promote him to head track coach until

he signed a letter stating he would not submit another grievance.

## 2. Plaintiff's Alleged Profanity Towards a Student

On May 29, 2014, during 7th period, plaintiff allegedly barged into another teacher's classroom, Room 381, and yelled "you are a fake ass runner" at a track student. FAC ¶ 53.

Plaintiff alleges he was framed for this event. He claims he was in his own classroom, Room 340, meeting with Volunteer Assistant Coach Cassandra Clark at the time of the alleged incident. Furthermore, he alleges the student was in a different classroom, Room 423, during 7th period.

Nonetheless, plaintiff was terminated on July 16, 2014. He was given a second chance by the substitute unit Executive Director Dr. Ianniello, who allowed him to be reinstated as a substitute after passing an anger management course.

Gassaway, upon learning of this reinstatement, issued plaintiff an "Unsatisfactory" rating on which he allegedly forged plaintiff's signature. On August 28, 2014, Gassaway overrode the payroll system to deny plaintiff union protections and terminated him.

## 3. Other Allegations

Plaintiff compares his treatment to that of a younger coach, Jamaal A. Harvey, who was in his mid-30s. Harvey allegedly swore at Gassaway in a meeting but was not disciplined. Furthermore, under Harvey's watch, the entire girls' track team was suspended for fighting. However, he faced no disciplinary action.

Plaintiff also alleges that in June 2013, the DOE gave 45 teachers over the age of 40 Unsatisfactory ratings and replaced them with 22 teachers under that age.

Finally, plaintiff alleges that before he was terminated, he raised his complaints with coworkers. Several coworkers agreed with him that Gassaway "treats us old timers like crap," or "doesn't like old timers like you." He also alleges that in 2013, after being demoted to a less important math class, he was told by Assistant Principal Whittingham that Gassaway "doesn't like you because you complain and file grievances, so they transferred you to me."

## II

On May 28, 2015, plaintiff filed a claim with the New York State Division of Human Rights ("DHR"), which was then sent to the EEOC as a dual filing. After an investigation, his DHR complaint was dismissed on October 30, 2015, and his EEOC complaint was dismissed on December 7, 2015. Plaintiff filed this lawsuit on March 8, 2016.

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a cause of action that "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[W]hile a discrimination complaint need not allege facts establishing each element of a prima facie case of discrimination to survive a motion to dismiss . . . it must at a minimum assert nonconclusory factual matter sufficient to 'nudge[] [its] claims' . . . 'across the line from conceivable to plausible' to proceed." *E.E.O.C. v. Port Authority*, 768 F.3d 247, 254 (2d Cir. 2014) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002); *Iqbal*, 556 U.S. at 680) (citation omitted).

### III

**A.    Procedural Hurdles**

**1.    Election of Remedies for State Law Claims**

"New York's Human Rights Law contains an election-of-remedies provision that requires a plaintiff to choose between an administrative remedy and a judicial one." *Stanley v. Guardian Sec. Servs., Inc.*, 800 F. Supp. 2d 550, 555-56 (S.D.N.Y. 2011). "Thus, . . . the [NYSHRL] and [NYCHRL] claims, once brought before the NYSDHR, may not be brought again as a plenary action in another court." *York v. Ass'n of the Bar of N.Y.*, 286 F.3d 122, 127 (2d Cir. 2002) (citing *Moodie v. Fed. Reserve Bank*, 58 F.3d 879, 882 (2d Cir. 1995)). "[T]he election-of-remedies provisions . . . apply to [state law claims in] federal courts as well as state." *Id.* (citing *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 75 (2d Cir. 2000)).

Here, plaintiff sought and was denied administrative relief through the DHR. Therefore, he has elected his remedy, and his state law claims are barred.[1]

Plaintiff argues that his DHR complaint only named DOE[2] and therefore does not preclude his claim against Gassaway. However, when plaintiff's claims "are based on the same facts and incidents raised in the charge . . . even though the complaint names additional parties, because the incidents are identical, the [c]ourt lacks jurisdiction over the Plaintiff's NYSHRL claims against all the [d]efendants." *Benson v. N. Shore-Long Island Jewish Health Sys.*, 482 F. Supp. 2d 320, 326 (E.D.N.Y. 2007); *see also Stanley*, 800 F. Supp. 2d at 556 (same).

Therefore, plaintiff's state law claims are barred against all defendants and are dismissed.[3]

---

[1] The Court notes the odd dichotomy between state and federal claims on this issue. For federal discrimination claims, plaintiffs are *required* to bring an EEOC claim before filing suit. For state claims, however, bringing a DHR claim bars suit.

[2] Plaintiff interchangeably refers to defendant DOE as the "Department of Education" and "Board of Education" throughout his papers, but only the DOE is named in his complaint.

[3] Because plaintiff's state law claims are dismissed on these grounds, we do not need to reach defendant's argument that plaintiff impermissibly failed to file a notice of claim as required the NYSHRL and NYCHRL. Nonetheless, plaintiff does not appear to contest that he failed to do so, and the Courts find his attempts to excuse the failure unavailing. Therefore, his failure to do so constitutes an independent, sufficient basis to dismiss his state law claims.

## 2. Individual Liability under Title VII and the ADEA

"[A]n individual defendant cannot be held personally liable under Title VII." *Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 608 n.8 (2d Cir. 2006). Nor can an individual be held liable under the ADEA. *Wray v. Edward Blank Assocs., Inc.*, 924 F. Supp. 498, 503-04 (S.D.N.Y. 1996); *see also Leykis v. NYP Holdings, Inc.*, 899 F. Supp. 986, 991 (E.D.N.Y. 1995).

Therefore, plaintiff's Title VII and ADEA claims are dismissed against defendant Gassaway. Because no claims remain against Gassaway, he is dismissed from this lawsuit.[4]

## 3. Statute of Limitations

Title VII and ADEA claims in New York must be filed with the EEOC within 300 days of the alleged unlawful employment practice. *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 126 (2d Cir. 2010) (Title VII); *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237-38 (2d Cir. 2007) (ADEA).

Here, the relevant adverse action, plaintiff's firing, occurred on August 26, 2014. Plaintiff filed his EEOC claim 274 days later on May 28, 2015. Therefore, plaintiff timely filed this action.[5]

---

[4] While individual liability would be available under plaintiff's state law claims, *Hagan v. City of New York*, 39 F. Supp. 3d 481, 513 (S.D.N.Y. 2014), those claims were dismissed based on plaintiff's election of remedies, *see supra* at 5-6.

[5] Defendant argues plaintiff provided facts outside the statue of limitations. "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Nat'l R.R. Passenger*

7

4. **Failure to Exhaust Administrative Remedies**

Defendants argue that plaintiff failed to check the retaliation box on the DHR complaint[6] and therefore failed to exhaust his administrative remedies for the retaliation claim.[7] "Under both Title VII and the ADEA, a claimant may bring suit in federal court only if she has filed a timely complaint with the EEOC and obtained a right-to-sue letter." *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001).

However, "claims that were not asserted before the EEOC may be pursued in a subsequent federal court action if they are 'reasonably related' to those that were filed with the agency." *Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 614 (2d Cir. 1999). "[C]laims not raised in the charge to be brought in a civil action where the conduct complained of would fall within the 'scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Butts v. City of N.Y. Dep't of Hous. Pres. and Dev.*, 990 F.2d 1397, 1402 (2d Cir. 1993) (quoting *Smith v. Am. President Lines Ltd.*, 571 F.2d 102, 107 n.10 (2d Cir. 1978)), *superseded by statute on*

---

*Corp. v. Morgan*, 536 U.S. 101, 113 (2002). However, the statute does not "bar an employee from using the prior acts as background evidence in support of a timely claim." *Id.* The core of plaintiff's claim is his firing. The remaining facts are provided as background evidence to support this claim.

[6] What matters is that plaintiff failed to exhaust his EEOC remedies. However, because the DHR complaint was forwarded to the EEOC, it also formed the basis for that action.

[7] Technically, plaintiff checked the box but then scratched out the check mark and wrote "N/A." This is not materially different than failing to check it.

8

*other grounds*, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1072.

Further, "it is well-settled that merely checking a box, or failing to check a box does not necessarily control the scope of the charge." *Cooper v. Xerox Corp.*, 994 F. Supp. 429, 436 (W.D.N.Y. 1998); *see also Reyes v. City College of the City University of New York*, 2005 WL 2990637, at *4 (S.D.N.Y. 2005) (same); *Ausfeldt v. Runyon*, 950 F. Supp. 478, 486 (N.D.N.Y. 1997) (same). Rather, "when the EEOC charge *alleges facts from which a reader can infer* a link between protected activity—for example, a complaint about perceived discriminatory treatment—and a subsequent adverse employment action, a retaliation claim asserted in a subsequent lawsuit will be "reasonably related" to the EEOC charge. *Morris v. David Lerner Assocs.*, 680 F. Supp. 2d 430, 438 (E.D.N.Y. 2010) (collecting cases); *see also Jenkins v. N.Y. City Transit Auth.*, 646 F. Supp. 2d 464, 472-73 (S.D.N.Y. 2009) (collecting cases demonstrating "reasonably related" exception requires facts supporting retaliation, rather than check the box formalism)[8] (emphasis added).

---

[8] Defendants argue two cases, *Chinn v. City University of New York School of Law*, 963 F. Supp. 2d 218, 223 (E.D.N.Y. 1997), and *Gambrell v. National Railroad Passenger Corp.*, 2003 WL 282182 (S.D.N.Y. Feb. 3, 2003), compel a stricter rule. However, both are consistent with rejection of "check the box" formalism. In *Chinn*, the court held plaintiff's claim for retaliation was not reasonably related to his EEOC complaint because that complaint "did not even hint that retaliatory treatment was involved," *id.* at 223, and required the EEOC to "stumble[] into a new universe of allegations that the plaintiff alleges for the first time in his complaint," *id.* at 224. And in *Gambrell*, without analysis, the court held the EEOC complaint did not allege retaliation, such that "the reasonable scope of the agency's investigation cannot be expected to encompass allegations of retaliatory motive." *Id.* at *8. The best reading of *Gambrell* is that the plaintiff failed to allege *facts* supporting retaliation. This harmonizes *Gambrell* with other

9

While plaintiff did not "check the box" for retaliation, he pleaded enough facts in his DHR complaint to put the EEOC on notice of retaliatory conduct. He alleged that he was only given his coaching job if he signed away his right to pursue grievances, evidence that Gassaway intended to retaliate if he did so. He also described his firing as "vindictive," suggesting a retaliatory motive. DHR Compl. at 8. The allegations of miscoding surrounding his termination are almost identical to the earlier ones that led to his successful grievances, and, indeed, the DHR dismissal order explicitly referred to these grievances. Taken together, the Court concludes these allegations provided the EEOC with enough information that its investigation should have included retaliation.

Therefore, plaintiff has not failed to exhaust his administrative remedies.

## B. Adequacy of Claims

Defendant argues that plaintiff failed to adequately plead his claims. As an initial matter, plaintiff's prolix FAC only alleges facts demonstrating mistreatment based on age and does not allege any discrimination, retaliation, or hostile work environment based on his membership in a class protected under Title VII. Therefore, all of plaintiff's Title VII claims are dismissed.

## 1. Age Discrimination

The ADEA makes it unlawful for an employer to "discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). "In order to establish a prima

---

on point case law within the Second Circuit.

facie case of age discrimination, [plaintiff] must show (1) that [he] was within the protected age group, (2) that [he] was qualified for the position, (3) that [he] experienced adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010). The facts alleged in the complaint "need only give plausible support to a minimal inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015).

Here, plaintiff alleges (1) he was 63 years old, (2) had a long, dignified service as a track coach and math teacher, and (3) that he was terminated, satisfying the first three elements. Plaintiff also pleads facts that create the required "minimal inference of discriminatory motive." He alleges that his firing was pretextual, that coworkers have told him that Gassaway "doesn't like old timers," FAC ¶ 87, that a younger coach was treated substantially better than him, and that the DOE replaced 45 older substitute teachers with younger ones.

Defendants argue the ADEA requires plaintiff to prove "but-for" causation, *see Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009), and the swearing incident was the only cause of his firing. However, plaintiff alleges that this incident was fabricated, and that he was fired on pretextual grounds. Therefore, there is a factual dispute over the reason he was fired. If he proves his allegations, then his age was the "but-for" cause of his termination.

Therefore, plaintiff has successfully pleaded his age discrimination claim.

## 2. Retaliation

In order to present a prima facie case of retaliation under the ADEA, a plaintiff must show "(1) that [he] participated in a protected activity; (2) that [he] suffered an adverse employment action; and (3) that there was a causal connection between [him] engaging in the protected activity and the adverse employment action." *Gorzynski*, 596 F.3d at 110.[9] "[A] plaintiff can indirectly establish a causal connection to support a discrimination or retaliation claim by 'showing that the protected activity was closely followed in time by the adverse [employment] action.'" *Gorman-Bakos v. Cornell Co-op Extension of Schenectady Cty.*, 252 F.3d 545, 554 (2d Cir. 2001) (quoting *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1178 (2d Cir. 1996)).

Plaintiff alleges that he participated in a protected activity—his grievances. He suffered an adverse employment action—he was fired. They occurred in close proximity: The last grievance was filed in 2014, and he was fired July of that year. *See Grant v. Bethlehem Steel Corp.*, 622 F.2d 43, 45-46 (2d Cir. 1980) (eight-month gap between EEOC complaint and retaliatory action suggested a causal relationship); *see also Gorman-Bakos*, 252 F.3d at 554 (recognizing the same)).

---

[9] "The ADEA contains a nearly identical provision [to Title VII] prohibiting retaliation for complaining of employment discrimination on the basis of age, *see* 29 U.S.C. § 623(d), and the same standards and burdens apply to claims under both statutes." *Kessler v. Westchester Cty. Dep't of Soc. Servs.*, 461 F.3d 199, 205 (2d Cir. 2006).

Plaintiff also directly alleges facts supporting retaliation: The condition of employment that he not file grievances and Whittingham's statement that Gassaway demoted him in 2013 in retaliation for those grievances.

Therefore, plaintiff has successfully pleaded his retaliation claim.

### 3. Hostile Work Environment

To establish a hostile work environment claim under the ADEA, "[t]he plaintiff must show that the workplace was so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of [his] employment were thereby altered." *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002). Here, plaintiff does not allege any facts showing a hostile work environment. All his allegations stem from his interaction with Gassaway. But he does not allege Gassaway ever made an inappropriate comment about age, much less created a workplace severely permeated with discriminatory intimidation, ridicule, and insult. Therefore, this claim is dismissed.

## IV

Defendants' motion to dismiss is denied as to plaintiff's ADEA discrimination and retaliation claims against DOE and granted as to every other claim.

**SO ORDERED**

                                          /S/ Frederic Block
                                          FREDERIC BLOCK
                                          Senior United States District Judge

Brooklyn, New York
February 21, 2018