```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
ANTHONY JONES,

                Plaintiff,

    -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION, ET AL.,

                Defendants.
-------------------------------------------------x
```

**MEMORANDUM AND ORDER**

Case No. 1:16-cv-1149 (FB) (RML)

*Appearances:*
*For the Plaintiff*:
RUDY DERMESROPIAN, ESQ.
260 Madison Avenue, 15th Floor
New York, NY 10016

*For the Defendant*:
JAMES E. JOHNSON
Corporation Counsel for the City of New York
By: CHRISTOPHER COYNE, ESQ.
Of Counsel
100 Church Street, Room 2-117
New York, NY 10007

**BLOCK, Senior District Judge:**

Plaintiff Anthony Jones brings claims against the New York City Department of Education ("DOE"), Bernard Gassaway, and unidentified defendants alleging discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"). Defendant New York City Department of Education has moved for summary judgment.

The facts of this case were summarized in the Memorandum and Order issued on February 21, 2018 granting in part and denying in part the defendant's

1

motion to dismiss. *See* ECF No. 21. For the reasons that follow, defendant's motion for summary judgment is denied.

## I.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). In determining whether summary judgment is appropriate, we must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015).

## II. Plaintiff's Title VII Age Discrimination Claim

Employment discrimination cases are analyzed using the *McDonnell Douglas Corp. v. Green* burden shifting framework. 411 U.S. 792 (1973). Under the test, "a plaintiff must first establish a prima facie case of discrimination by showing that: '(1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination.'" *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 83 (2d Cir. 2015) (quoting *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000)).

After a plaintiff has established a prima facie case, "a presumption arises that more likely than not the adverse conduct was based on the consideration of impermissible factors." *Id*. (*citing Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253-54 (1981)). At that point, the burden "shifts to the employer to 'articulate some legitimate, nondiscriminatory reason' for the disparate treatment." *Id*. (citing *McDonnell Douglas*, 411 U.S. at 802). "If the employer articulates such a reason, the burden shifts back to the plaintiff to prove that the employer's reason 'was in fact pretext' for discrimination." *Id*. (citing *McDonnell Douglas*, 411 U.S. at 804).

The purpose of the *McDonnell Douglas* burden-shifting framework is to "progressively ... sharpen the inquiry into the elusive factual question of intentional discrimination." *Texas Dep't of Cmty. Affairs*, 450 U.S. at 255 n.8.

The Court is mindful of the Second Circuit's warning that it "must be especially cautious in deciding whether to grant th[e] drastic provisional remedy [of summary judgment] in a discrimination case, because the employer's intent is often at issue and careful scrutiny may reveal circumstantial evidence supporting an inference of discrimination." *Belfi v. Prendergast*, 191 F.3d 129, 135 (2d Cir. 1999); *see also Mandell v. Cty. of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003).

### A. Member of a Protected Class

The parties do not dispute that plaintiff was 61 at the time he was terminated, which places him within a protected class. *See* 29 U.S.C. § 631(a) (providing that

3

the ADEA applies to individuals who are at least 40 years of age). The defendant argues the plaintiff fails to establish that age was the "but-for" cause of his termination because of an incident where he allegedly swore at a group of students from the track team ("the swearing incident"). *See* ECF No. 45-1 at 4. In the defendant's view, the swearing incident was the cause of plaintiff's firing.

In response, the plaintiff alleges that the swearing incident was fabricated and contends that he was fired on pretextual grounds. Plaintiff points to the fact that the purported recording of the incident has not been produced, the investigation was conducted by the subject of plaintiff's complaints, which arguably poses a conflict of interest, and the student who allegedly complained does not even report plaintiff as making the statements in question. Since there are factual disputes regarding material aspects of the swearing incident, the defendant's arguments do not extinguish plaintiff's *prima facie* case on this element.

### B. Qualified for Position

Plaintiff contends he had an "extensive, long and very successful career as a track coach" and "was involved with the track team at Boys and Girls High School ("BGHS") for approximately 42 years without any complaints or write-ups." ECF No. 46 at 7. Although he was not a certified teacher, plaintiff held a master's degree in secondary education, and his students performed well on the Regents exams.

The defendant notes plaintiff was not a licensed teacher and that his substitute teaching certificate did not entitle him to be designated as a long-term substitute. These contentions do not undermine plaintiff's ability to establish this element of his prima facie case. *See Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 45 (2d Cir. 2015) ("[a]t the summary judgment stage, a plaintiff may satisfy this burden by showing that she 'possesses the basic skills necessary for performance of [the] job'") (quoting *Slattery v. Swiss Reinsurance Am. Corp.,* 248 F.3d 87, 92 (2d Cir. 2001))

### C. Adverse Employment Action

An adverse employment action occurred when plaintiff was terminated in the summer of 2014. *See, e.g.*, *Green v. Town of E. Haven*, 952 F.3d 394, 404 (2d Cir. 2020) ("[p]lainly an employee's 'discharge,' 29 U.S.C. § 623(a)(1), is an adverse employment action").

### D. Inference of Discrimination

Plaintiff asserts that he has raised an inference of discrimination because the defendant treated him differently than a similarly situated, younger employee who engaged in similar conduct. The defendant asserts that plaintiff cannot raise an inference of discrimination because (1) plaintiff failed to present evidence that similarly situated younger workers were treated more favorably, (2) plaintiff was hired and fired by the same person, who was also in the same protected group as

5

plaintiff, and (3) plaintiff was replaced by a person who was a part of the protected age group.

As to the first argument, plaintiff presented evidence that a substantially younger and less experienced coach – who had worked as the head coach of the female track team at BGHS – was treated more favorably than plaintiff.

Although the principal who fired plaintiff is also a member of the same protected class, this fact is not dispositive. The Supreme Court has rejected the idea that one member of a protected class cannot discriminate against another member of that same class. *See Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 78 (1998) ("Because of the many facets of human motivation, it would be unwise to presume as a matter of law that human beings of one definable group will not discriminate against other members of their group"). Moreover, the plaintiff points out that he was a teacher at BGHS for many years before defendant Gassaway became principal.

Finally, though the defendant correctly notes plaintiff was initially replaced by a member of the same age group, that was apparently a temporary change. The permanent replacement was "significantly younger." ECF No. 46 at 19.

The burden to establish a prima facie case is "neither onerous nor intended to be rigid, mechanized or ritualistic." *Tolbert v. Smith*, 790 F.3d 427, 435 (2d Cir.

6

2015) (internal citations and quotation marks omitted). The Court finds that plaintiff has established a prima facie case.

### E. Burden Shift to Defendant: Legitimate, Nondiscriminatory Reasons for the Disparate Treatment

The defendant contends plaintiff was terminated because of the swearing incident. Specifically, three students approached Principal Gassaway and reported that plaintiff had yelled and cursed at them. According to the defendant, Principal Gassaway heard an audio recording of what appeared to be plaintiff screaming and cursing at a student. While the nature of this incident is disputed by plaintiff, the defendant has "clearly set forth, through the introduction of admissible evidence, the reasons for" the disparate treatment. *Burdine,* 450 U.S. at 255; *see also Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 132 (2d Cir. 2012). This is sufficient to satisfy the burden of establishing legitimate, non-discriminatory reasons for the termination of plaintiff.

### F. Burden Shift to Plaintiff: Employer's Reasons Were Pretext for Discrimination

Where an employer articulates a non-discriminatory reason for firing the plaintiff, the burden shifts back to the plaintiff to "prove that the employer's proffered reason was a pretext for discrimination." *Delaney v. Bank of America Corp.*, 766 F.3d 163, 168 (2d Cir. 2014) (quoting *McPherson v. N.Y.C. Dep't of Educ.,* 457 F.3d 211, 215 (2d Cir. 2006)). To establish the employer's reason was in

7

fact a pretext for discrimination, the plaintiff must establish the employer was more likely than not motivated by a discriminatory reason or that the employer's reason is unworthy of belief. *See McDonnell Douglas*, 411 U.S. at 804-05; *Burdine*, 450 U.S. at 256. Although "direct evidence of an employer's discriminatory intent will rarely be found," *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997), "[e]ven in the discrimination context ... a plaintiff must provide more than conclusory allegations to resist a motion for summary judgment," *Delaney*, 766 F.3d at 170. Plaintiff contends he has put forward more than conclusory allegations and that triable issues of fact exist that should be decided by a jury.

     Although plaintiff did not possess a full-time teaching certificate, there is evidence that he was effectively fulfilling the responsibilities of a regular teacher at BGHS by teaching five math classes and acting as the track coach. EFC No. 46 at 20. Moreover, there is a well-documented history of plaintiff filing successful grievances arguing that he was coded improperly. This meant that the school was treating him as a substitute teacher for purposes of pay and benefits, although he was working full time. In his deposition, plaintiff conveyed that the principal who fired him made numerous age-related comments – including "I was 12 when he started coaching" and "you old timers, if you don't know how to do [certain things] I'm going to get rid of you." *See* ECF No. 46 at 12-13 (collecting statements). And, of

8

course, plaintiff disputes the swearing incident that serves as the primary basis of plaintiff's termination.

With this history in mind, plaintiff principally argues that another teacher, Jamaal Harvey, was treated more favorably than he was. Mr. Harvey was allegedly also involved in "heated conversations" like plaintiff. ECF No. 46 at 7. Specifically, Harvey allegedly "curse[d] at Principal Hall from the Marcy Avenue campus, which was confirmed by the signed statement of Assistant Coach Cassandra Clark." ECF No. 46-1 at 79. However, this did not lead to Mr. Harvey's termination; rather he was promoted and ultimately permitted to replace plaintiff as the boy's track coach.

The Court is persuaded that a reasonable juror could find the defendant's reasons for terminating the plaintiff were related to a discriminatory motive. Thus, there are genuine issues of material fact concerning plaintiff's age discrimination claim. The defendant's motion for summary judgment is denied as to that claim.

### III. ADEA Retaliation

The ADEA forbids an employer from retaliating against an employee for complaining of employment discrimination on the basis of age. *Kessler v. Westchester Cty. Dep't of Soc. Servs.*, 461 F.3d 199, 205 (2d Cir. 2006). ADEA retaliation is also "analyzed under the *McDonnell Douglas* burden-shifting test." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010).

9

To establish a prima facie case, Jones "must show (1) that []he participated in a protected activity, (2) that []he suffered an adverse employment action, and (3) that there was a causal connection between h[is] engaging in the protected activity and the adverse employment action." *Gorzynski*, 596 F.3d at 110. In deciding whether an allegation is plausible, "judges [are] to rely on their 'experience and common sense,' and to consider the context in which a claim is made." *Irrera v. Humpherys*, 859 F.3d 196, 198 (2d Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

Plaintiff has provided evidence that he successfully filed at least four grievances seeking pay and benefits consistent with his work – the protected activity. Plaintiff also provided evidence that Principal Gassaway was unfavorably disposed toward him because of his filing of the grievances. *See* ECF No. 46 at 23. As discussed above, this meant the school was treating plaintiff as a substitute teacher even though he was working full-time, negatively impacting his pay and benefits. There is evidence that a condition of plaintiff's employment was that he stop filing such grievances. A causal connection can be established "indirectly by showing that the protected activity was closely followed in time by the adverse employment action." *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 131 (2d Cir. 2012) (internal citations omitted). "[C]ourts in this circuit have typically measured

10

that gap as a matter of months, not years." *Bucalo*, 691 F.3d at 131. Plaintiff's last grievance was filed in 2014, and he was fired in July of 2014.

Plaintiff adequately alleges that the adverse employment action of termination was motivated by his filing of grievances, and a reasonable juror could conclude the elements of ADEA retaliation have been established.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is denied.

**SO ORDERED.**

                                                 /S/ Frederic Block  
                                                 FREDERIC BLOCK  
                                                 Senior United States District Judge

Brooklyn, New York  
February  16 , 2021